IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEFFREY CASEY, ET AL., ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>      Plaintiffs,<br><br>  vs.<br><br>PIONEER HI-BRED INTERNATIONAL, INC., a DuPont Business and Iowa Corporation, GAY & ROBINSON, INC., a Hawaii corporation, ROBINSON FAMILY PARTNERS, a general partnership registered in Hawaii; and DOE DEFENDANTS 1-10,<br><br>      Defendants. | CIVIL 12-00655 LEK-BMK |

**<u>ORDER DENYING PLAINTIFFS' MOTION FOR REMAND</u>**

Before the Court is Plaintiffs Jeffrey Casey, Charlotte Casey, Harry Ishihara, Nancy Ishihara, Joy Kagawa, Dellick Numazawa, Lorelei Numazawa, Glenn Odo, Lorene Odo, Wesley Okazaki, Irwin Oyama, Janice Oyama, Alvin Robinson, Mary Robinson, Robert Ryder, Faith Ryder, and Yukiko Tsuyama's (collectively, "Plaintiffs") Motion for Remand ("Motion"), filed on January 7, 2013.  Defendants Pioneer Hi-Bred International, Inc. ("Pioneer"), Gay & Robinson, Inc., and Robinson Family Partners (together, "Robinson Defendants) (all three collectively, "Defendants"), filed their memorandum in opposition on February 11, 2013, and Plaintiffs filed their sealed reply on

February 15, 2013.  On March 14, 2013, the Court granted Defendants leave to file their sealed surreply.  This matter came on for hearing on April 1, 2013.  Appearing on behalf of Plaintiffs were Gerard A. Jervis, Esq., and Patrick Kyle Smith, Esq., and appearing on behalf of Defendants were Michael Purpura, Esq., Michael J. Scanlon, Esq., and Adam D. Friedenberg, Esq.  After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Plaintiffs' Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

Plaintiffs filed their Complaint on May 16, 2012 in the Circuit Court of the Fifth Circuit, State of Hawai`i ("the State Court").  [Dkt. no. 1 (Notice of Removal), Exh. A.]  The Complaint alleged six claims for relief against Pioneer, all based on the allegation that farming activities conducted by Pioneer (on land leased from the Robinson Defendants) caused dust and dangerous pesticides to blow into the Waimea community and environment.  [Compl. at ¶ 72.]  The Complaint alleged one claim of relief against the Robinson Defendants for "Landlord Liability for Acts of Tenant" (Count 7).  [Id. at ¶¶ 129-139.]

Defendants moved to dismiss[1] Count 7, after which the State Court granted the motion and granted Plaintiffs leave to amend. [Mem. in Opp. to Motion, Exh. B.] Plaintiffs filed their Amended Complaint in State Court on November 9, 2012 ("Amended Complaint"). [Notice of Removal, Exh. C.] The Amended Complaint alleges: (1) negligence against all Defendants for failure to use due care (Count 1); (2) negligence for failure to investigate and warn against all Defendants (Count 2); (3) negligence per se against all Defendants (Count 3); (4) strict liability against Pioneer (Count 4); (5) trespass against all Defendants (Count 5); (6) nuisance against all Defendants (Count 6); (7) negligent and intentional misrepresentation against all Defendants (Count 7); and (8) landlord liability for the acts of a tenant against the Robinson Defendants (Count 8).

On December 7, 2012, Defendants filed their Notice of Removal of Civil Action Under 28 U.S.C. Sections 1332, 1441, and 1446, asserting that the case is removable because it is a civil action between citizens of different states and the matter in controversy exceeds $75,000. [Notice of Removal at ¶ 7.] As to the parties' citizenship, Plaintiffs are all domiciled in Waimea, Kauai, and thus citizens of Hawai`i, and Pioneer is incorporated

---

[1] Because the original Complaint did not specify the damages sought or otherwise identify the amount in controversy, Defendants did have a basis for removal to federal court. [Mem. in Opp. to Motion to Remand at 5; Notice of Removal at 3.]

and has its principal place of business in Iowa.  Defendants note that the Robinson Defendants are both Hawai`i citizens, but assert that the Robinson Defendants' joinder in the instant action is "fraudulent," and their presence must therefore be ignored for purposes of establishing diversity jurisdiction. [Id. at ¶ 8 (citing McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)).]

**I.  Motion**

In the instant Motion, Plaintiffs argue that the citizenship of the Robinson Defendants should be considered for purposes of determining whether diversity jurisdiction exists. Plaintiffs first argue that Hawai`i law expressly recognizes that tort claims can be brought against a landlord when the landlord exercises sufficient control over the property.  [Mem. in Supp. of Motion at 4 (citing Mitchell v. United States, No. 11-00088, 2011 WL 404986 (D. Hawai`i Sept. 12, 2011).]

Plaintiffs further argue that, under Mitchell, even if the Robinson Defendants did not exercise control, they can still be held liable because a nuisance has arisen from their lands. [Id. at 6 (citing Mitchell at *7-8).]  Plaintiffs note that questions of whether the Robinson Defendants allowed the nuisance to exist in breach of a duty, and whether the breach was a proximate cause of harm, are questions of fact for the jury. [Id. at 6-7.]

Plaintiffs next argue that, based upon the allegations in the Amended Complaint, settled law supports direct liability against the Robinson Defendants. Plaintiffs note that the Amended Complaint alleges that the Robinson Defendants (1) had knowledge of the harm before signing the lease with Pioneer, [Amended Compl. at ¶¶ 39, 69;] (2) had a legal duty to ensure that best management practices were implemented to the maximum extent practicable, [id. at ¶¶ 25-29;] (3) failed to investigate or prevent the dust, [id. at ¶¶ 39, 65;] (4) failed to conduct a reasonable inspection of the premises, [id. at ¶ 39;] (5) had actual knowledge of the risk of dust and other pollutants harming Waimea, based upon their prior cultivation of the fields [id.;] and (6) retained control over the property by virtue of the indemnity and termination provisions of their lease, [id. at ¶ 192.]

Plaintiffs also argue that the Robinson Defendants owed Plaintiffs a duty pursuant to Kauai Ordinance 808, which requires that all "grubbing" and "grading" activities (or activities that remove vegetation) in Kauai incorporate Best Management Practices to the maximum extent practicable to prevent damage by sedimentation to streams, watercourses, natural areas, and the property of others. [Mem. in Supp. of Motion at 13-14 (citing Kauai County Rev. Code of Ordinance 808, §§ 22-7.4, 22-7.5).] Plaintiffs argue that even though the ordinance creates no

private cause of action, it still creates a duty and standard of care such that violation of that standard of care constitutes negligence. [Id. at 15-16.]

Because Plaintiffs argue that they allege viable claims and evidence against the Robinson Defendants, Plaintiffs urge the Court to grant the Motion and remand the case to the state court.

## II. Memorandum in Opposition

In their memorandum in opposition, Defendants argue that Plaintiffs' claims against the Robinson Defendants are fatally defective as a matter of law and, thus, the Robinson Defendants are "fraudulently joined" defendants whose citizenship is irrelevant for jurisdictional purposes. [Mem. in Opp. at 7-9.] Because, under state law, a lessor has no duty to third parties to control the conduct of its lessee, Defendants argue that Plaintiffs have failed to state an actionable claim against the Robinson Defendants. [Id. at 9.]

Defendants argue that all of Plaintiff's claims are based upon the core allegation that Pioneer's improper farming methods caused excessive dust to drift onto Plaintiffs' property. Defendants emphasize, however, that a landlord is only liable for a nuisance caused by an activity carried out upon the land if at the time of the lease the landlord knows that the activity will cause a nuisance. [Id. at 10 (citing Restatement (Second) of Torts: Activities After Transfer of Land § 837 (1979); Mitchell,

2011 WL 4048986, at *4; Hao v. Campbell Estate, 76 Hawai`i 77, 869 P.2d 216 (1994)).]

Applying this standard to the instant case, Defendants argue that Plaintiffs have alleged no facts demonstrating that the Robinson Defendants had knowledge of unlawful conduct at the time they leased the property to Pioneer, or that they leased the property for an inherently injurious purpose.  Defendants note that, under Hawai`i law, farming is not inherently a nuisance, as stated in the Hawai`i Right to Farm Act.  [Id. at 15 (citing Haw. Rev. Stat. § 165-4).]  As such, Defendants argue that the Robinson Defendants' knowledge that Pioneer planned to conduct farming activities on the leased land does not equate with a knowledge that Pioneer would create a nuisance.

As to the issue of control, Defendants argue that a plaintiff cannot meet the Mitchell exception for landlord control simply by making conclusory allegations.  [Id. at 18.]  Defendants further argue that the Robinson Defendants have no duty to supervise Pioneer's activities on leased land, and that the fact that a lease reserves to the landlord the right to reenter or terminate the tenancy does not indicate sufficient "control" to impose liability.  [Id. at 21-23.]

Defendants argue that Plaintiffs' reliance on Kauai County Ordinance No. 808 is misplaced, as Ordinance 808 is a permitting regulation and creates no duty of care, and its

7

violation thus does not give rise to civil liability. [Id. at 27-28.] Defendants note that even if the ordinance did apply and create a duty, it is still inapplicable as Plaintiffs have not alleged a direct claim for violation of Ordinance 808.

Because the rule of landlord non-liability is well-settled, Defendants argue that there is no basis for a claim against the Robinson Defendants. Defendants therefore urge the Court to deny the Motion.

**III. Reply**

In their reply, Plaintiffs argue that, contrary to Defendants' assertions, a landlord can be liable for the acts of its tenant when the landlord controls the lease, has knowledge before or after the lease commences, or contributes to the nuisance. Plaintiffs argue that the Restatement (Second) of Torts, Section 837 provides for landlord liability for nuisance if the landlord consents to the activity or knows or has reason to know that it will be carried on, and he knows or should know that it will necessarily involve or is already causing the nuisance. [Reply at 3 (citing Restatement (Second) of Torts, § 837).] Plaintiffs emphasize that a finding of landlord liability involves a "fact-driven analysis" that depends upon the nature of the lease, the knowledge and control of the landlord, and whether the landlord contributes to the nuisance or tortious condition. [Id. at 3-4.]

Plaintiffs further argue that the Robinson Defendants meet this test for landlord liability, and point out the places in the Amended Complaint where they have alleged control, knowledge, duty, and conduct to support viable claims against the Robinson Defendants. [Id. at 6 (citing Amended Compl. at ¶¶ 189-196).] Plaintiffs assert that the evidence in the record supports those claims. First, Plaintiffs point to certain provisions in the 1998 Lease between Pioneer and the Robinson Defendants, which Plaintiffs argue prove that the Robinson Defendants knew that Pioneer would create a nuisance at the time the lease was signed. Plaintiffs next point to the April 2010 lease between Pioneer and the Robinson Defendants, arguing that it establishes that the Robinson Defendants had sufficient control over the property for liability to attach. [Id. at 8.] Plaintiffs further argue that Defendants' violation of Kauai Ordinance 808 is relevant in that it rebuts the Hawai`i Right to Farm Act's presumption that farming is not a nuisance. [Id. at 12.]

Thus, Plaintiffs argue that they have alleged viable claims against the Robinson Defendants and, as such, the Court should grant Plaintiffs' Motion for Remand.

### STANDARD

Defendants removed the instant case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. [Notice of Removal at 1.]

Section 1441 provides, in pertinent part:

> (a) Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Removal based on diversity of citizenship.
>
> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441. Section 1441 is strictly construed against removal and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court. See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006). The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction. See California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

## DISCUSSION

Defendants argue that Plaintiffs' Motion must fail

because the Robinson Defendants have been "fraudulently joined" and, therefore, their citizenship should not be counted for purposes of diversity jurisdiction.

Federal courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, and there is complete diversity of citizenship. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). One exception to the requirement of complete diversity "is where a non-diverse defendant has been 'fraudulently joined.'" Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009) (quoting Morris, 236 F.3d at 1067).

"'Fraudulent joinder is a term of art' and does not require an ill motive." Lovell v. Bad Ass Coffee Co. of Hawaii, Inc., 103 F. Supp. 2d 1233, 1237 (D. Hawai`i 2000) (quoting McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). Rather, fraudulent joinder occurs "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state[.]" McCabe, 811 F.2d at 1339; Roehrig v. Tong, Civ. No. 05-00667 SPK-BM, 2006 WL 897589, at *1 (D. Hawai`i April 3, 2006) ("The citizenship of a 'fraudulently joined' defendant is ignored

11

for purposes of determining diversity of citizenship.").

        The defendant seeking removal to federal court may go beyond the plaintiff's pleadings and "is entitled to present the facts showing the joinder to be fraudulent." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting McCabe, 811 F.2d at 1339). See also Morris, 236 F.3d at 1068 ("[F]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony.") (citations omitted). There is, however, a "general presumption against fraudulent joinder," which must be proven by "clear and convincing evidence." Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

        To determine whether a non-diverse defendant was fraudulently joined, the Court must be guided by Hawai`i law. See McCabe, 811 F.2d at 1339; Lovell, 103 F. Supp. 2d at 1237 ("This court examines whether Plaintiffs have failed to state a claim against the resident defendants . . . under the settled law of Hawai`i.").

        In applying the fraudulent joinder rule since McCabe, the Ninth Circuit has focused on whether the plaintiff's claim against the non-diverse defendant is "obvious" under "settled" state law. See McCabe, 811 F.2d at 1339; Morris, 236 F.3d at 1068; Hunter, 582 F.3d at 1048. This district court has

interpreted the McCabe fraudulent joinder rule to mean that "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Coastal Constr. Co., Inc. v. N. Amer. Specialty Ins. Co., Civ. No. 10-00206 DAE-BMK, 2010 WL 2816694, at *4 (D. Hawai`i July 14, 2010) (quoting Cnty. of Haw. v. Unidev, LLC, 2010 WL 520696, at *4 (D. Hawai`i Feb. 11, 2010)). Defendants must show "that there is no possibility, based on the pleadings, that [the] plaintiff can state a cause of action against the non-diverse defendant in state court." Id. (quoting Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998)).

Where the facts and evidence establish that a plaintiff cannot allege an actionable claim against the non-diverse defendant, the "presence of a fraudulently joined resident defendant [does] not defeat diversity jurisdiction[.]" Lovell, 103 F. Supp. 2d at 1237; see also Gibo, 2013 WL 363140 at *9-10.

In the instant case, Defendants argue that Plaintiffs fail to state an actionable claim against the Robinson Defendants and that the Court must therefore disregard their citizenship for jurisdictional purposes. The Court agrees.

As a general rule, a lessor is not liable for the tortious conduct of its lessee. See Mitchell, 2011 WL 4048986,

at *4 (stating that, generally, a landowner is not liable for injuries occurring on the land once the lessor takes possession, and that landowner liability "turns on 'the degree of control' the landowner exercises over the land."). The Restatement (Second) of Torts, Section 837 provides that a lessor of land is subject to liability for a nuisance caused by an activity carried out upon its land only if, at the time of the lease, the lessor (1) consents to the activity or knows or has reason to know it will be carried on, and (2) knows or should know that it will necessarily involve or is already causing a nuisance. Restatement (Second) of Torts: Activities After Transfer of Land § 837 (1979); see also Meloy v. City of Santa Monica, 12 P.2d 1072, 1074 (Cal. Ct. App. 1932) (finding a landlord not responsible for a nuisance caused by lessee where land "leased for a lawful and proper purpose, when there is no nuisance or illegal structure upon it at the time of the letting"); City of L.A. v. Star Sand & Gravel Co., 12 P.2d 69 (Cal. Ct. App. 1932) (same).

In the instant case, Plaintiffs have failed to allege facts demonstrating that the Robinson Defendants had knowledge of the alleged nuisance at the time of the letting. Plaintiffs cite provisions from the two leases between the Robinson Defendants and Pioneer acknowledging that Pioneer would be conducting farming operations on the leased land and argue that the Robinson

14

Defendants thus had knowledge of the alleged nuisance at the time they entered into the leases. [Reply at 7-9; Exhs. A & B.] While it is clear that the Robinson Defendants knew that Pioneer would undertake farming activities at the time they entered into the lease, farming is not inherently a nuisance. See Haw. Rev. Stat. § 165-4 ("[t]here shall be a rebuttable presumption that a farming operation does not constitute a nuisance."). Further, Plaintiffs have not alleged that the Robinson Defendants were made aware of the complaints made to Pioneer regarding its farming operations such that the Robinson Defendants knew or should have known of the alleged nuisance prior to signing the new lease with Pioneer in 2010. Thus, the Court FINDS that Plaintiffs have not demonstrated that the Robinson Defendants knew or should have known about the alleged nuisance at the time the 1998 or 2010 lease was signed. See Meloy, 12 P.2d at 1074 ("A landlord is not responsible to other parties for the misconduct or injurious acts of his tenant to whom his estate has been leased for a lawful and proper purpose, when there is no nuisance or illegal structure upon it at the time of the letting.")

  Plaintiffs also argue that provisions in the leases allowing the Robinson Defendants to enter the land and inspect the premises, and granting them certain other rights and Pioneer certain obligations, demonstrate that the Robinson Defendants had

15

sufficient control over the premises to give rise to liability. The Court FINDS that these provisions are standard lease provisions and do not, absent more, establish that the Robinson Defendants had control over the premises such that they may be held liable for the alleged nuisance caused by Pioneer.  See Mitchell, 2011 WL 4048986, at *4-5 (finding that similar lease terms "do not establish that the [landlord] had day to day control over the property for liability purposes.").

Finally, Plaintiffs argue that Kauai Ordinance 808 creates an affirmative duty on the part of the Robinson Defendants such that they may be held liable in the instant case. Plaintiffs have not, however, alleged a direct claim for relief against the Defendants based upon a violation of Ordinance 808, nor could they, as Ordinance 808 does not create a private right of action for its violation.  See Arquette v. State, 128 Hawai`i 423, 443, 290 P.3d 493, 513 (2012) (noting that a duty of care may be established by a legislative enactment if the legislation provides that a violation shall give rise to civil liability). As such, the Court FINDS that Ordinance 808 likewise does not establish liability on the part of the Robinson Defendants.

The Court therefore concludes that Plaintiffs' claims against the Robinson Defendants are not "obvious" under "settled" state law.  See McCabe, 811 F.2d at 1339; Morris, 236 F.3d at 1068; Hunter, 582 F.3d at 1048.  Because Plaintiffs do not allege

actionable claims against the Robinson Defendants, the Court FINDS that the Robinson Defendants are "fraudulently joined" and their citizenship should thus be ignored for purposes of diversity jurisdiction.  See, e.g., Lovell, 103 F. Supp. 2d at 1237.  The Motion is therefore DENIED.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' Motion for Remand, filed on January 7, 2013, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 17, 2013.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JEFFREY CASEY, ET AL. V. PIONEER HI-BRED INTERNATIONAL, INC., ET AL; CIVIL NO. 12-00655 LEK-BMK; ORDER DENYING PLAINTIFFS' MOTION FOR REMAND**